IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| PHILIP SEABRIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-042 |
| | ) | |
| OFFICER NICK DAVIS; | ) | |
| OFFICER KASEY FOUNTAIN; | ) | |
| SERGEANT MIKE BRINSON; | ) | |
| STATESBORO POLICE DEPARTMENT; | ) | |
| CATHERINE FINDLEY, Solicitor; and | ) | |
| JUDGE JOSEPH CUSHNER, | ) | |
| | ) | |
| Defendants. | ) | |

--------------------------------

| | | |
|---|---|---|
| PHILIP SEABRIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-043 |
| | ) | |
| OFFICER NICK DAVIS; | ) | |
| OFFICER KASEY FOUNTAIN; | ) | |
| SERGEANT MIKE BRINSON; | ) | |
| STATESBORO POLICE DEPARTMENT; | ) | |
| CATHERINE FINDLEY, Solicitor; and | ) | |
| JUDGE JOSEPH CUSHNER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

On May 28, 2025, Plaintiff Philip Seabrian filed a complaint and a motion to proceed *in forma pauperis* ("IFP") asserting a variety of alleged civil rights violations, pursuant to 42 U.S.C. §§ 1983 and 1985, based on a December 20, 2020 arrest that resulted in a state law

marijuana charge which Plaintiff maintains was governed by a city ordinance. See Seabrian v. Davis, et al., CV 625-042, doc. nos. 1, 2 (S.D. Ga. May 28, 2025) (hereinafter "CV 625-042"). On the same day, Plaintiff filed a second lawsuit, motion to proceed IFP, and asserted additional alleged civil rights violations, pursuant to 18 U.S.C. §§ 1595, 1581, 1584, 1589, and 1594, based on the subsequent criminal proceedings flowing from the December 20, 2020 arrest resulting in a state law marijuana charge, and Plaintiff sued the same Defendants as those named in CV 625-042. See Seabrian v. Davis, et al., CV 625-043, doc. nos. 1, 2 (S.D. Ga. May 28, 2025) (hereinafter "CV 625-043"). Both cases are based on the alleged improper state law marijuana charge and resultant consequences flowing from the prosecution of that charge.[1] (Compare CV 625-042, doc. no. 1, with CV 625-043, doc. no. 1.)

Federal Rule of Civil Procedure 42 provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid necessary cost or delay.

Fed. R. Civ. P. 42(a). Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. Id.; see also Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely

---

[1] In both cases, the Court entered orders denying the motions to proceed IFP because the motions did not have sufficiently complete and/or accurate information to determine whether Plaintiff should be allowed to proceed IFP. (See CV 625-042, doc. no. 5, pp. 1-2; CV 625-043, doc. no. 5, pp. 1-2.) The Court also directed Plaintiff to submit a signature page for his unsigned complaints. (See CV 625-042, doc. no. 5, p. 3; CV 625-043, doc. no. 5, p. 3.)

discretionary."). Because the above-styled cases involve common questions of law and fact, they should be consolidated. See Falcetta v. Credit Collection Servs., No. 1:20-CV-1990-AT-JCF, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (consolidating multiple actions concerning same events).

Accordingly, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 625-042 and CV 625-043, and **CLOSE** CV 625-043. Plaintiff's case shall proceed **ONLY** as CV 625-042, and any future filings shall be captioned, filed, and docketed under CV 625-042.

Moreover, for the reasons explained below, Plaintiff must, within twenty-one days of this Order, remit the full filing fee of $405 for only one case, CV 625-042, and submit an amended complaint in accordance with the instructions provided below.

**I.     Renewed Motion to Proceed IFP**

In accordance with the Court's prior Order, Plaintiff has submitted a renewed motion to IFP.[2] (Doc. no. 6.) In his renewed motion attested to as true under penalty of perjury, Plaintiff reports in the last twelve months he received approximately $3300 per month in wages from his employment and $5000 per month from self-employment. (Id. at 1.) He further reports he expects to continue to receive approximately $3000 in monthly wages from his employment. (Id.) Plaintiff itemizes his monthly expenses at only $1245. (Id. at 4-5.) Despite reported monthly income at over twice his monthly expenses, Plaintiff did not answer the question concerning how much cash he and his spouse have but maintains he has almost no

---

[2]Because CV 625-043 shall be closed upon entry of this Order, unless otherwise specifically noted, the Court's citations for the remainder of this Order shall be to documents filed in CV 625-042.

3

money in a savings or checking account. (Id. at 2.) Plaintiff also states he expects to spend "405 depending" on this lawsuit.[3] (Id. at 5.)

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Based on the information provided by Plaintiff, he appears to have monthly income – over double his monthly expenses – that is sufficient to pay the $405 filing fee for one civil action. Accordingly, the Court **DENIES** the renewed motion to proceed IFP. (Doc. no. 6.) Plaintiff shall remit the $405 filing fee for CV 625-042 within twenty-one days of this Order. See 28 U.S.C. § 1914(a) & (b). The failure to do so will result in a recommendation to the presiding District Judge that this case be dismissed without prejudice. See Loc. R. 4.2(2).

## II.   Amended Complaint Required

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) of the Rules requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly

---

[3]Although the Court is now only considering Plaintiff's ability to pay for filing one civil action, the Court notes Plaintiff itemized the same monthly expenses and stated an expectation that he might pay a full filing fee for a second case. See CV 625-043, doc. no. 6, p. 5.

referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted). "[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

Moreover, to avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

Here, prior to consolidation, Plaintiff filed motions to amend the original pleadings in both CV 625-042 and CV 625-043. (See CV 625-042, doc. no. 8; CV 625-043, doc. no. 9.) Given the early stage of the litigation and under Fed. R. Civ. P. 15, Plaintiff may amend his original complaint, but given the change in circumstance regarding consolidation and resultant confusion from multiple claims in various pleadings bearing different case numbers, the motions to amend as originally filed are **MOOT**. The Court **ORDERS** Plaintiff to file one amended complaint captioned as CV 625-042, within twenty-one days of the date of this Order, which complies with the requirements of Federal Rule of Civil Procedure 8(a) that the pleading

provide a short and plain statement showing Plaintiff is entitled to relief.[4] See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018).  If Plaintiff wishes to proceed with this action, he must file a complete amended complaint in accordance with the instructions in this Order, and include all matters Plaintiff wishes to raise against the named Defendants in that one document.

The amended complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff in CV 625-042 and CV 625-043.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff is suing in CV 625-042.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in the amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to the amended complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint.  For example, Plaintiff should not simply state, "See attached documents."  The Court will not

---

[4]The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner) stamped with the appropriate case number, with Plaintiff's service copy of this Order.  Although Plaintiff has previously prepared his own complaints, he may wish to review the standard form to ensure he is including all necessary information in his amended pleading.

independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint. Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into the amended complaint by reference. Moreover, Plaintiff shall submit only **one** amended complaint in CV 625-042 in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in CV 625-042 all matters he wishes to raise against the named Defendants based on the alleged improper marijuana charge arising from the events of December 20, 2020.

### III.   Conclusion

For the reasons set forth above, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 625-042 and CV 625-043, and **CLOSE** CV 625-043. Plaintiff's case shall proceed **ONLY** as CV 625-042, and any future filings shall be captioned, filed, and docketed under CV 625-042. The motion to amend is **MOOT**, (doc. no. 8), and the Court **DENIES** Plaintiff's renewed request to proceed IFP. (Doc. no. 6.) Plaintiff must pay only one $405 filing fee for CV 625-042 within twenty-one days of the date of this Order and submit an amended complaint as explained herein within the same time period. Failure to comply with the terms of this Order within twenty-one days will result in a recommendation for dismissal.

Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal. of this case.

SO ORDERED this 2nd day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA